UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UPSTATE NEW YORK ENGINEERS HEALTH FUND, by Daniel P. )
Harrigan, as Administrator; UPSTATE NEW YORK ENGINEERS )
PENSION FUND, by Daniel P. Harrigan, as Administrator; UPSTATE )
NEW YORK ENGINEERS S.U.B. FUND, by Daniel P. Harrigan, as )
Administrator; UPSTATE NEW YORK ENGINEERS TRAINING FUND, )
by Theron Hogle and Eugene Hallock, as Trustees; OPERATING )
ENGINEERS LOCAL 17 TRAINING FUND, by James Smolinski, as )
Administrative Manager; CENTRAL PENSION FUND OF THE )
INTERNATIONAL UNION OF OPERATING ENGINEERS AND )
PARTICIPATING EMPLOYERS, By Michael R. Fanning, as Chief )
Executive Officer; and INTERNATIONAL UNION OF OPERATING )
ENGINEERS, LOCAL UNION NO. 17, by Norman Noon, as Business )
Manager )

        Plaintiffs, )

  – against – )
)
SOUTH BUFFALO ELECTRIC, INC., ARNOLD A. PAOLINI, Individually )
and as an officer of South Buffalo Electric, Inc., and ARNOLD J. )
PAOLINI, individually and as an officer of South Buffalo Electric, )
Inc., )
)
        Defendants. )

_____

**COMPLAINT**

Civil Action No.

5:15-<u>CV-903</u>[LEK/TWD]

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the

Defendants, respectfully allege as follows:

## I. JURISDICTION AND VENUE

1.  This is an action arising under the Employee Retirement Income Security Act of

1974 [hereinafter "ERISA"] [29 U.S.C. §§1001 <u>et</u> <u>seq</u>.].  It is an action by fiduciaries of employee

benefit plans for monetary and injunctive relief to redress violations of ERISA Sections 404, 406,

and 515 [29 U.S.C. §§ 1104, 1106, and 1145].  It is also an action under Section 502(a)(2) for

breach of fiduciary duty against employers that failed to timely remit contributions and otherwise abide by the documents that establish and maintain an ERISA covered plan [29 U.S.C. §1132(a)(2)].

2.      This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended [hereinafter "LMRA"] [29 U.S.C. §185(a)].  It is a suit for, among other things, violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the LMRA [29 U.S.C. §141 et seq.].

3.      Jurisdiction is conferred on this Court by ERISA Section 502(e) [29 U.S.C. §1132(e)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA 502(f) [29 U.S.C. §1132(f)].  Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to LMRA Section 301(a) [29 U.S.C. §185(a)], and pursuant to the laws of the United States of America [28 U.S.C. §1337].

4.      Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)] and LMRA Section 301(c) [29 U.S.C. §185(c)].  It is an action brought in the district where some of the plans are administered and where the breach took place.

5.      Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §185(a)], and pursuant to federal law [28 U.S.C. §1337].

6.      This is also an action arising under 28 U.S.C. §1367.  It is an action where all non-federal claims raised in the Complaint are so related to the federal claims as to form part of the same case or controversy within the meaning of Article III of the United States Constitution

such that this court may exercise supplemental jurisdiction over those non-federal claims.

## II. DESCRIPTION OF THE PARTIES

7.      Plaintiff Daniel P. Harrigan is the Administrator of the Upstate New York Engineers Health Fund [hereinafter "Health Fund"].  The Health Fund is administered within the Northern District of New York, at 101 Intrepid Lane, P.O. Box 100-Colvin Station, Syracuse, New York 13205.  Mr. Harrigan is a fiduciary of the Health Fund, as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)].

8.      Plaintiff Daniel P. Harrigan is the Administrator of the Upstate New York Engineers Pension Fund [hereinafter "Pension Fund"].  The Pension Fund is administered within the Northern District of New York, at 101 Intrepid Lane, P.O. Box 100-Colvin Station, Syracuse, New York 13205.  Mr. Harrigan is a fiduciary of the Pension Fund, as defined in Section 3(21) (A) of ERISA [29 U.S.C. §1002(21)(A)].

9.      Plaintiff Daniel P. Harrigan is the Administrator of the Upstate New York Engineers S.U.B. Fund [hereinafter "S.U.B. Fund"].  The S.U.B. Fund is administered within the Northern District of New York, at 101 Intrepid Lane, P.O. Box 100-Colvin Station, Syracuse, New York 13205.  Mr. Harrigan is a fiduciary of the S.U.B. Fund, as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)].

10.     Plaintiffs Theron Hogle and Eugene Hallock are Trustees of the Upstate New York Engineers Training Fund [hereinafter "Training Fund"].  The Training Fund is administered within the Northern District of New York, at 3174 Brighton-Henrietta Townline Road, Rochester, New York 14613.  Mr. Hogle and Mr. Hallock are fiduciaries of the Training Fund, as defined in Section 3(21) (A) of ERISA [29 U.S.C. §1002(21)(A)].  [The Health Fund, Pension Fund, S.U.B.

Fund and Training Fund are hereinafter collectively referred to as "Upstate New York Engineers Funds"].

11.     Plaintiff Michael R. Fanning is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers [hereinafter "Central Pension Fund"].  Mr. Fanning is a fiduciary of the Central Pension Fund, as defined in Section 3(21) (A) of ERISA [29 U.S.C. §1002(21) (A)].  The Central Pension Fund maintains an office and principal place of business at 4115 Chesapeake Street, N.W., Washington, D.C.  20016.

12.     Plaintiff James Smolinski is the Administrator of the Operating Engineers Local 17 Training Fund [hereinafter "Local 17 Training Fund"].  The Local 17 Training Fund is administered at 2342 Pleasant Avenue, Lake View, New York 14085.  Mr. Smolinski is a fiduciary of the Local 17 Training Fund, as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)] [the Upstate New York Engineers Funds, Central Pension Fund and Local 17 Training Fund are collectively referred to as "Funds" or "Plans"].

13.     Plaintiff Norman Noon is the Business Manager of the International Union of Operating Engineers, Local Union No. 17 [hereinafter "Local Union No. 17"].  Local Union No. 17 is an unincorporated association maintaining its principal office and place of business at 5959 Versailles Road, Lake View, New York 14085.  Local Union No. 17 is a labor organization in an industry effecting commerce within the meaning of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §141 et seq.].  Local Union No. 17 represents employees with respect to the terms and conditions of employment, including, but not limited to, wages, benefits and supplements.

14.     The Funds, established pursuant to a collective bargaining agreement, are multi-employer plans as defined in § 3(37) of the Act [29 U.S.C. § 1002(37)], and are employee benefit plans, as described in § 3(3) of the Act [29 U.S.C. § 1002(3)].

15.     Upon information and belief, Defendant South Buffalo Electric, Inc. ["Corporation"] is a Corporation incorporated under the laws of the State of New York, having its principal place of business and offices located 1250 Broadway Street, Buffalo, New York 14212 and, at all times relevant herein, was doing business in the State of New York.

16.     Upon information and belief, Defendant Arnold A. Paolini resides at 133 Indian Church Road, Buffalo, New York 14210 or 12 Steiner Avenue, Buffalo, New York 14224 and, at all times relevant herein, was an officer, controlling shareholder, manager, and/or director of South Buffalo Electric, Inc. and was conducting business in New York State.

17.     Upon information and belief, Defendant Arnold J. Paolini resides at 4768 Mosey Lane, Blasdell, NY 14219 and, at all times relevant herein, was an officer, controlling shareholder, manager, and/or director of South Buffalo Electric, Inc. and was conducting business in New York State.

18.     Defendants are employers in an industry affecting commerce, all as defined in ERISA Section 3(5)(11) and (12) [29 U.S.C. § 1002(5)(11) and (12)].  Defendants are also employers of employees covered by employee benefit plans and multiemployer plans maintained pursuant to a collective bargaining agreement, all as defined in ERISA Sections 3(3) and (37) [29 U.S.C. § 1002(3) and (37)], and are obligated to make contributions to the Funds in accordance with ERISA Section 515 [29 U.S.C. § 1145].

19.     Defendants are parties in interest with respect to the Funds as defined in ERISA Section 3(14)(C), (E) and (H) [29 U.S.C. § 1002(14)(C), (E) and (H)] and act directly as employers and/or indirectly in the interests of the employers in relation to the Funds, all as defined in ERISA Section 3(5) [29 U.S.C. § 1002(5)].

20.     To the extent that Defendants exercised any authority or control with respect to the management or disposition of assets of Plaintiff Funds, they are fiduciaries within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

### III. FIRST CAUSE OF ACTION

21.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "20" inclusive of this Complaint as if set forth fully at this point.

22.     Section 515 of the Act [29 U.S.C. §1145] provides that:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

23.     At all times relevant herein, Defendant Corporation was party to the following: (1) the 2013-2016 Upstate New York Technical Engineers Preliminary Surveying Agreement between Independent Employers and International Union of Operating Engineers Locals 17, 106, 463, 545, & 832; (2) the 2012-2016 Agreement between the Labor Relations Division, Western New York Region, Associated General Contractors of America, New York State Chapter, Inc. and the International Union of Operating Engineers, Local Union 463; and (3) the 2012-2016 Agreement between Independent Building Contractors of WNY and the International

Union of Operating Engineers Locals #17, 17A, 17B, 17RA [hereinafter "CBAs"], which the CBAs

were executed by Defendant Corporation on August 1, 2012, June 7, 2013, and June 10, 2013.

24.     Pursuant to the CBAs, the Defendant Corporation is bound by the terms and

conditions, rules and regulations of the Agreement and Declaration of Trust of the Upstate New

York Engineers Health Fund, the Agreement and Declaration of Trust of the Upstate New York

Engineers Pension Fund, the Agreement and Declaration of Trust of the Upstate New York

Engineers S.U.B. Fund, the Agreement and Declaration of Upstate New York Engineers Training

Fund, the Agreement and Declaration of Trust of the Central Pension Fund of the International

Union of Operating Engineers and Participating Employers, the Agreement and Declaration of

Trust of the Local 17 Training Fund, and the Upstate New York Engineers' Funds' Collections

Policy [hereinafter "Trusts" and "Collections Policy"].

25.     The CBAs, Trusts and Collections Policy obligate Defendant Corporation to remit

contributions to the Funds.

26.     The CBAs require the Defendant Corporation to pay contributions to the Funds

for each hour worked by its employees who performed work covered by the CBAs.

27.     The CBAs require the Defendant Corporation to deduct from each of its

employees' wages stipulated sums for each hour worked and pay said amounts to the Union,

said amounts representing Union dues, Voluntary Political Action Fund [V.P.A.F.] monies,

Defense Fund ["Defense Fund"] monies,  Construction Industry Research and Service Trust Fund

["C.I.R.S.T. Fund"], and Political Action Fund ["P.A.F."] monies.

28.     The CBAs, Trusts and Collections Policy obligate Defendant Corporation to file its

remittance reports and remit contributions by the fifteenth (15th) day of the month following

the month during which the hours were worked by its employees.

29.    In addition to the above and pursuant to the CBAs, the Trusts, the Collections

Policy and 29 U.S.C. §1132(g)(2), if the Defendant Corporation fails to timely remit

contributions and deductions, it is liable not only for the amount of contributions and

deductions due, but also for the following:  (1) interest on the unpaid and untimely paid

Upstate New York Engineers Funds contributions, at the rate of two percent (2%) per month;

(2) the greater of interest on the unpaid and untimely paid Upstate New York Engineers Funds

contributions or liquidated damages equal to twenty percent (20%) of those delinquent

contributions; (3) interest on the unpaid and untimely paid Local 17 Training Fund

contributions, at the rate prescribed by ERISA; (4) interest again on the unpaid and untimely

paid Local 17 Training Fund contributions, at the rate prescribed by ERISA; (5) interest on the

unpaid and untimely paid Central Pension Fund contributions, at the rate of nine percent (9%)

per annum; (6) the greater of interest on the unpaid and untimely paid Central Pension Fund

contributions or liquidated damages equal to twenty percent (20%) of those delinquent

contributions; (7) interest on the unpaid and untimely paid Union dues, C.I.R.S.T. Fund, Defense

Fund monies, and P.A.F. monies at the rate of nine percent (9%) per annum; plus (8) costs and

fees of collection and attorneys' fees.

30.    According to Defendant Corporation's remittance reports for the period July

2014 through March 2015, Defendant Corporation failed to remit $48,964.44 in Pension Fund

contributions, $38,331.45 in Welfare Fund contributions, $6,663.54 in S.U.B Fund contributions,

$689.40 in Engineers Training Fund contributions, $6,005.46 in Local 17 Training Fund

contributions, $28,464.45 in Central Pension Fund contributions, and $12,869.75 in Defense,

VPAF, Dues and Unicon monies to the Funds and Union with regard to hours of bargaining unit work, i.e., operating engineers' work performed by its employees.

31.     Defendant Corporation has not paid the $141,988.49 in contributions and deductions shown on the audit and has not paid the applicable interest, liquidated damages, costs and fees of collection and attorneys' fees.

32.     Defendant Corporation, therefore, owes $141,988.49 in contributions and deductions to Plaintiffs, plus the following:  (1) interest from August 15, 2014 on the $94,648.83 in unpaid Upstate New York Engineers Funds contributions, at the rate of two percent (2%) per month; plus (2) the greater of interest on the $94,648.83 in Upstate New York Engineers Funds contributions or liquidated damages equal to twenty percent (20%) of those contributions; plus (3) interest from August 15, 2014 on the $6,005.46 in unpaid Local 17 Training Fund contributions; plus (4) interest again from August 15, 2014 on the $6,005.46 in unpaid Local 17 Training Fund contributions representing liquidated damages; plus (5) interest from August 15, 2014 on the $28,464.45 in unpaid Central Pension Fund contributions, at the rate of nine percent (9%) per annum; plus (6) the greater of interest on the $28,464.45 in unpaid Central Pension Fund contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (7) interest from August 15, 2014 on the $12,869.75 in unpaid dues deductions, V.P.A.F., Unicon and Defense Fund monies, at the rate of nine percent (9%) per annum; plus (8) costs and fees of collection and attorneys' fees.

## IV.  SECOND CAUSE OF ACTION

33.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "32" inclusive of this Complaint as if set forth fully at this point.

34.     Under the Agreement, the Trusts, and the Collections Policy, Defendant Corporation is obligated to remit fringe benefit contributions and deductions by the fifteenth (15th) day of the month following the month during which the hours were worked by its employees.

35.     Defendant Corporation untimely remitted $44,398.93 in fringe benefit contributions and deductions to the Funds and Union for the period July 2014 through May 2015, failing to remit those monies by the fifteenth (15th) day of the month following the month during which the hours were worked by its employees.

36.     As a result of the Defendant Corporation's untimely remittance of the $44,398.93 to the Funds and Union, the Defendant Corporation owes $3,536.44 in interest, $7,361.80 in liquidated damages, plus all costs and fees of collection and attorneys' and paralegal fees incurred by the Funds and Union.

## V.  THIRD CAUSE OF ACTION

37.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "36" inclusive of this Complaint as if set forth fully at this point.

38.     The CBAs, the Trusts and Collections Policy obligate Defendant Corporation to permit Plaintiffs, on demand, to check, examine and audit its books and records, including its payroll records, relating to hours worked by its subcontractors and its employees, including Union, non-Union, bargaining unit and non-bargaining unit employees.

39.     Defendant Corporation is contractually liable under the Trusts and Collections Policy to pay the costs and expense of the audit, all auditing fees, and any and all attorneys and paralegal fees and costs incurred by the Plaintiffs in obtaining the audit.

40.     Defendant Corporation is contractually liable under the CBAs, Trusts and Collections Policy to timely report on a monthly basis the number of hours worked by all of its employees performing bargaining unit work.

41.     Defendant Corporation is statutorily obligated to maintain accurate and complete books and records of the number of hours of bargaining work, i.e., operating engineers' work, performed by all of its employees and subcontractors.

42.     Defendant Corporation must be ordered to produce its books and records for Plaintiffs' review and audit for the period August 1, 2012 to date, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys and paralegal fees and costs incurred in obtaining that audit.

43.     In the event it is discovered that the Defendant Corporation has not properly submitted accurate reports to the Plaintiffs and has not properly paid the appropriate monies to the Plaintiffs, the Court must enter a judgment for any and all contributions and deductions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys and paralegal fees, at the rates set forth in Complaint paragraph No. 29.

## VI.  FOURTH CAUSE OF ACTION

44.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "43" inclusive of this Complaint as if set forth fully at this point.

45.      Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit [29 U.S.C. §1106(a)(1)(A) and (B)]. Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account [29 U.S.C. §1106(b)(1)-(3)].

46.      Section 406 of the Act [29 U.S.C. §1106] provides that the following is illegal:

(A)      sale or exchange, or leasing, of any property between the plan and a party in interest;

(B)      lending of money or other extension of credit between the plan and a party in interest;

(C)      furnishing of goods, services, or facilities between the plan and a party in interest;

(D)      transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan; or

(E)      acquisition, on behalf of the plan, of any employer security or employer real property in violation of Section 1107(a) of this title.

47.      At all times relevant herein, Defendant Arnold A. Paolini and Defendant Arnold J. Paolini, were parties in interest with respect to the Plaintiffs' Plans because they were fiduciaries, employers, or owners within the meaning of ERISA Section 3(14)(A), (C) and (E) [29 U.S.C. §1002(14)(A), (C) and (E)].

48.      Effective September 17, 2003, the Agreements and Declarations of Trust for the Upstate New York Engineers Funds provide that: "[t]itle to all monies paid into and/or due and owing to [Plaintiff Plans is] vested in and remain[s] exclusively in the Trustees of the [Plaintiff Plans]; outstanding and withheld contributions constitute plan assets."

49.     Since at least February 1, 1986, Section 4.2 of the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers has provided that: "[t]he Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same."

50.     By withholding, permitting the withholding of, or authorizing the withholding of the contributions from the Plaintiff Funds, Defendant Arnold A. Paolini and Defendant Arnold J. Paolini have dealt with the plan assets in their own interest and/or exchanged property or extended credit from plan assets for their own personal use and benefit in violation of Section 406 of the Act.

51.     By withholding, receiving and retaining the contributions, or allowing the withholding and retention of contributions, Defendant Arnold A. Paolini and Defendant Arnold J. Paolini, as a parties in interest, have impermissibly used the assets of the Plaintiffs' Plans in contravention of §406 of the Act, the interests of the Plaintiff Funds and the interests of the Plaintiff Funds' fiduciaries, participants and beneficiaries.

52.     Defendant Arnold A. Paolini and Defendant Arnold J. Paolini, therefore, have damaged the Plaintiff Funds and are liable to Plaintiff Funds for the following:

       (A)     The monies due to the Plaintiff Funds for the contributions set forth in Complaint paragraph No. 30 of the Complaint herein plus interest at the highest rate of return on Plaintiff Funds' investments; and

       (B)     To restore to the Plaintiff Funds any profits that Defendants made through use and retention of the assets of the Plaintiff Funds.

       (C)     Pay any delinquency uncovered by the audit, plus interest

thereon at the highest rate of return on Plaintiff Funds'
investments, costs and expenses of collection, audit fees
and attorneys and paralegal fees.

## VII.  FIFTH CAUSE OF ACTION

53.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "52"of this Complaint as if fully set forth herein.

54.     ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses"  [29 U.S.C. §1104(a)(1)(A)].

55.     ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law [29 U.S.C. §1104(a)(1)(D)].

56.     Effective September 17, 2003, the Agreements and Declarations of Trust for the Upstate New York Engineers Funds provide that: "[t]itle to all monies paid into and/or due and owing to [Plaintiff Plans is] vested in and remain[s] exclusively in the Trustees of the [Plaintiff Plans]; outstanding and withheld contributions constitute plan assets."

57.     Since at least February 1, 1986, Section 4.2 of the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers has provided that: "[t]he Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same."

58.     During the period July 2014 to date and in connection with various projects,

Defendants employed individuals or subcontractors covered by the CBAs who performed work on the projects for the benefit of the projects and Defendants.

59.     As a result of the labor supplied by covered employees and subcontractors, Defendants, upon information and belief, received sums of money from these projects which were to be used to pay the cost of the labor and satisfy the claims of the Plaintiff Funds and all of the persons furnishing and supplying the labor.

60.     On and after July 2014, Defendants failed to remit contributions and deductions with regard to hours worked by employees or subcontractors covered by the CBAs and the Defendants currently owe monies to the Plaintiff Funds.

61.     Defendants are fiduciaries of the monies so received and the monies so received and held by them constitute assets of the Plaintiff Funds to be utilized for the benefit of the Plaintiff Funds.

62.     By withholding the contributions from the Plaintiff Funds, Defendants have received and retained from the Plaintiff Funds, for their own personal use and benefit, monies which are rightfully assets of the Plaintiff Funds.

63.     Defendant Arnold A. Paolini and Defendant Arnold J. Paolini, upon information and belief, owned, controlled, and dominated the affairs of Defendant Corporation.

64.     Defendant Arnold A. Paolini and Defendant Arnold J. Paolini, upon information and belief, had managerial discretion and control over the Defendant Corporation, made decisions on behalf of the Defendant Corporation, signed contracts governing the Defendant Corporation, and acted on behalf of and in the interest of the Defendant Corporation in their dealings and relations with Plaintiff Funds.

65.     Upon information and belief, Defendant Arnold A. Paolini and Defendant Arnold J. Paolini determined which creditors Defendant Corporation would pay, determined when the Plaintiff Funds would be paid, determined how much money would be paid to the Plaintiff Funds, determined which employees of the Defendant Corporation would be reported to the Plaintiff Funds, determined the number of hours upon which contributions would be reported as owing to the Plaintiff Funds, and exercised control over money due and owing to the Plaintiff Funds, i.e., the Plan assets, and, therefore, is a fiduciary.

66.     Upon information and belief, Defendant Arnold A. Paolini and Defendant Arnold J. Paolini commingled assets of the Plaintiff Funds with the Defendant Corporation general assets and used the Plaintiff Funds' assets to pay other creditors of Defendant Corporation rather than forwarding the assets to the Plaintiff Funds.

67.     Upon information and belief, Defendant Arnold A. Paolini and Defendant Arnold J. Paolini transferred, applied or diverted, or permitted the transfer, application, use, or diversion of, the Plaintiff Funds' trust assets to purposes other than purposes of the Plaintiff Funds without first making payment to Plaintiff Funds.

68.     The transfer of the assets to persons other than the Plaintiff Funds occurred, and/or the use of the assets for purposes other than those permitted by the Plaintiff Funds occurred, upon information and belief, with the knowledge and/or at the direction of Defendant Arnold A. Paolini and Arnold J. Paolini.

69.     Defendant Arnold A. Paolini and Arnold J. Paolini are fiduciaries with respect to the plan assets they failed to timely pay into the Plaintiff Funds.

70.     The use of the Plaintiff Funds' assets for purposes other than the interests of the

Plaintiff Funds and their participants and beneficiaries is a violation of §§1104 and 1109 of ERISA.

71.     Defendant Arnold A. Paolini and Defendant Arnold J. Paolini, acting in their capacity as corporate officers, directors and/or shareholders, abused their position as fiduciaries by permitting, directing or instigating this transfer, application, or diversion in a manner contrary to their fiduciary obligations and their actions are a breach of trust under ERISA, 29 U.S.C. §§1104 and 1109.

72.     By reason of the wrongful diversion and/or conversion of the Plaintiff Funds' assets, the Plaintiff Funds have not been paid monies rightfully due to them.

73.     As a result of their breach of fiduciary duties, Defendant Arnold A. Paolini and Defendant Arnold J. Paolini are liable to Plaintiff Funds for the following:

> (A)     The monies due to the Plaintiff Funds for the contributions set forth in paragraph No. 30 of the Complaint herein plus interest at the highest rate of return on Plaintiff Funds' investments;
>
> (B)     To restore to the Plaintiff Funds any profits that they made through use and retention of the assets of the Plans; and
>
> (C)     Pay any delinquency uncovered by the audit, plus interest thereon at the highest rate of return on Plaintiff Funds' investments, costs and expenses of collection, audit fees and attorneys and paralegal fees.

## VIII.     SIXTH CAUSE OF ACTION

74.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "73" inclusive of this Complaint as if fully set forth herein.

75.     If this Court does not enjoin Defendants from further violations of ERISA, LMRA,

the CBA, Trusts, and Collections Policy, Plaintiffs will be further damaged as a result thereof in ways and amounts which cannot be accurately measured in terms of money, either as to extent or amount.

76.     Defendants have failed to comply with their obligations to the Plaintiffs, despite due demand for compliance, and thus, unless this Court enjoins Defendants from violating ERISA, LMRA, the Agreement, Trusts, and Collections Policy, Defendants will continue to fail to timely remit contributions, deductions and monthly remittance reports described herein, causing Plaintiffs and the beneficiaries of the Funds to incur additional serious and irreparable harm by further burdening and obstructing the administration and operation of the Plaintiffs and endangering the payment of promised benefits from the Plaintiffs to qualified beneficiaries.

77.     Defendants' failure to comply with their obligations to the Plaintiffs has reduced the corpus and income of the Plaintiffs thereby jeopardizing the stability and soundness of the Plaintiffs.

78.     Defendants' failure to comply with their obligations to the Plaintiffs may cause sufficient instability to the Plaintiffs' financial affairs such that participant benefits may be reduced or terminated.

79.     Because Defendants continue to fail to comply with their obligations to the Plaintiffs, new delinquencies are now being created monthly, again depriving the Plaintiffs of adequate monies to pay promised benefits which in turn causes the foregoing irreparable harm to be intensified in magnitude.

80.     Based on the foregoing instances of serious, substantial, and irreparable injury

and damage, a mere money judgment is an inadequate remedy at law.

81.     Unless this Court enjoins Defendants from breaching ERISA, LMRA, the CBA,

Trusts, and Collections Policy and unless Defendants are compelled to remit all monies and

reports that become due or are determined to be due to Plaintiffs whether arising before or

after commencement of the action, greater injury will be inflicted upon the Plaintiffs, their

Trustees, participants and beneficiaries, by denial of relief than could possibly be inflicted upon

Defendants by granting such relief.

### IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1.     On Plaintiffs' First Cause of Action, judgment against Defendant Corporation for

$141,988.49 in contributions and deductions to Plaintiffs, plus the following:  (1) interest from

August 15, 2014 on the $94,648.83 in unpaid Upstate New York Engineers Funds contributions,

at the rate of two percent (2%) per month; plus (2) the greater of interest on the $94,648.83 in

Upstate New York Engineers Funds contributions or liquidated damages equal to twenty

percent (20%) of those contributions; plus (3) interest from August 15, 2014 on the $6,005.46 in

unpaid Local 17 Training Fund contributions; plus (4) interest again from August 15, 2014 on the

$6,005.46 in unpaid Local 17 Training Fund contributions representing liquidated damages; plus

(5) interest from August 15, 2014 on the $28,464.45 in unpaid Central Pension Fund

contributions, at the rate of nine percent (9%) per annum; plus (6) the greater of interest on the

$28,464.45 in unpaid Central Pension Fund contributions or liquidated damages equal to

twenty percent (20%) of those delinquent contributions; plus (7) interest from August 15, 2014

on the $12,869.75 in unpaid dues deductions, V.P.A.F., Unicon and Defense Fund monies, at the

rate of nine percent (9%) per annum; plus (8) costs and fees of collection and attorneys' fees.

2.     On Plaintiffs' Second Cause of Action, judgment against Defendant Corporation for $3,536.44 in interest, $7,361.80 in liquidated damages, plus all costs and fees of collection and attorneys' and paralegal fees incurred by the Funds and Union.

3.     On Plaintiffs' Third Cause of Action, judgment against Defendant Corporation:

(A)     Requiring it to produce its books and records for Plaintiffs' review and audit for the period August 1, 2012 to date, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys and paralegal fees and costs incurred in obtaining that audit; and

(B)     For any and all contributions and deductions that are determined to be due pursuant to the audit or formula audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys and paralegal fees, all at the rates set forth in Complaint paragraph No. 29.

4.     On Plaintiffs' Fourth and Fifth Causes of Action, judgment against Defendant Arnold A. Paolini and Defendant Arnold J. Paolini for the following:

(A)     The monies due to the Plaintiff Funds for the contributions set forth in paragraph No. 30 of the Complaint herein plus interest at the highest rate of return on Plaintiff Funds' investments;

(B)     To restore to the Plaintiff Funds any profits that they made through use and retention of the assets of the Plans; and

(C)     Pay any delinquency uncovered by the audit, plus interest thereon at the highest rate of return on Plaintiff Funds' investments, costs and expenses of collection, audit fees and attorneys and paralegal fees.

5.     On Plaintiffs' Sixth Cause of Action, judgment against the Defendants as follows:

(A)     Judgment for any and all additional contributions and deductions that become due following commencement of the action or are determined to be due whether arising before or after commencement of the action, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys and paralegal fees, all at the rates set forth in Complaint paragraph No. 29;

(B)     A permanent injunction preventing and restraining the Defendants from breaching the Agreement and Declarations of Trust, the Collections Policies, and the collective bargaining agreement by which they are bound;

(C)     A permanent injunction directing the Defendants to perform and continue to perform their obligations to the Plaintiffs, specifically, directing them to timely furnish the required monthly remittance reports and payments to Plaintiffs, and to provide the Plaintiffs, upon demand and at Defendants' expense, access to their books and records for an audit and examination relating to the employment of their employees, including but not limited to weekly payroll reports, payroll journals and quarterly employer reports for various federal and state agencies.

DATED: July 23, 2015

BLITMAN & KING LLP

By:     Jennifer A. Clark, of Counsel
        Attorneys for Plaintiffs
        Office and Post Office Address
        Franklin Center, Suite 300
        443 North Franklin Street
        Syracuse, New York 13204-1415
        Telephone:  (315) 422-7111
        Facsimile:  (315) 471-2623
        Email:  jaclark@bklawyers.com

H:\coll\Legal\Contour_EJBF-CMP.docx